56,585-02

To Clerk of Court of
Criminal Appeals of Texas
P.O. Box 12308, Capitol Station
Austin, Texas 78711

4 August 2015

This document contains some pages that are of poor quality at the time of imaging.

RE: Petitioner, Motion to Reconsider The Order Denying Him State Habeas
    Relief For Out-of-Time-Appeal.
    Writ No# WR-56,585-02
    Tr.Ct. No# 11-CR-1517-G

RECEIVED IN
COURT OF CRIMINAL APPEALS
AUG 07 2015
Abel Acosta, Clerk

Dear Clerk,
    Enclosed, you will find a copy of the above metioned document, Please
file this and bring it to the attention to court, copies have been forwarded
by U.S. Mail to all parties, Also would you please send me notice of filing
with Date-Stamp on this letter and return a file copy to me at my address
below.

    Thank you for your very kind consideration and expeditious reply
concerning this matter.

                                    Sincerely,

cc/File
JH/jm

                                    James Hinojosa, Pro.Se
                                    TDCJ-ID# 1807828
                                    Coffield Unit
                                    2661 F M 2054
                                    Tennessee Colony,Texas 75884

IN THE COURT OF CRIMINAL APPEALS

IN

AUSTIN, TEXAS


Writ No#. WR-56,585-02

Tr.Ct. No# 11-CR-1517-G


ExParte

JAMES HINOJOSA



IN THE DISTRICT COURT

319th JUDICIAL DISTRICT

NUECES COUNTY, TEXAS


## PETITIONER'S MOTION TO RECONSIDER THE ORDER DENYING HIM STATE HABEAS RELIEF FOR OUT-OF-TIME-APPEAL.


To The Honorable Justices of Court of Criminal Appeals.

Now Comes James Hiniojosa, petitioner and submits this said motion in response to Order Denying him state habeas relief for out-of-time-appeal, and request for this court to reconsider, petitioner application and explain why this court should Review the application in the Interest of Justice.


I.

The petitioner will explain, why such review be re-examined closely, and see: The attached Exhibit's that will show and provide proof that establishes validity in this matter.


II.

The Judgment of Conviction Date was Entered:8/1/2012, and entered a plea of not Guilty, See: Affidavit of Mark A.Gonzalez, which stated that he con- sulted and advised me of the process of Requesting for an out-of-time-appeal, on what Date, did the Attorney advised the Defendant about filing for an out- of-time-appeal, The defendant has never received such correspondence that advised him of the process. If the attorney did sent such correspondence the unit mailroom has a log entry of all incoming Legal Mail from Attorney and the Courts.

"In regards to Affidavit of Mark A. Gonzalez, which states that he advised the defendant of the process in filing an appeal and the importance of filing the notice in a timely manner." The court and counsel, whether retained or appointed they have the responsibility to make sure the defendant is aware of his right to appeal, also the trial court should explain these rights in open court and the court reporter's records should so reflect.

If counsel didn't give notice of appeal in open court at the time of sentencing, then the Trial Court should explain to the defendant that notice of appeal must be given within 30 days of sentencing. No accused should be Denied of his right to appeal, See: Morris Vs. U.S.503 F.2d. 457,458,459 (5th-Cir. 1974). stating that a Direct Appeal from a Criminal Conviction is a matter of right. A defendant who has pleaded Not Guilty has an absolute right to appeal under Article 44.02 Texas Code of Criminal Procedure.

This case raise the Question of Waiver his right to appeal, did the state provide a Signed Waiver not to Appeal by the Defendant. Why would trial counsel advised the defendant to file for an out-of-time-appeal, why, if trial counsel should have gave notice after sentencing. A letter was sent to Honorable, Thomas Greenwell of the 319th District Court, on or about on Feb., 2013, see: the attached Exhibit, which shows that it was received by the Hon. Thomas Greenwell, on March 4,2013, then the Honorable Thomas Greenwell, Faxs the letter to the Attorney Mark Gonzalez, on April 5,2013.

## III.

The application Writ of Habeas Corpus was mailed in by petitioner on or about 29 of November,2014, the State received the writ on December 9,2014, and State's acknowledgment was filed on December 15,2014, the state's answer to applicant's writ of habeas copus with a General Denial,Dated:December 30,2014, then Order Designating Issues mailed to C.O.A. and Defendant, January 8,2015.

On January 16,2015, petitioner file a response to State's Answer to the General Denial, the petitioner, sent copies to all parties by U.S. Mail, the clerk of Court of Criminal Appeals, received it on January 28,2015, at which clerk, after a thorough search of there records show that no writ of habeas corpus has been filed in the court of criminal appeals, See: the attached two Exhibit's which is letter to the clerk,and the letter from the clerk to the petitioner.

## IV.

On <u>February 19,2015,</u> the petitioner sent in a <u>Motion to Supplement and</u> <u>Amend the Original Application</u> for Writ of Habeas Corpus, Requesting for Out-of-Time-Appeal, By Certified Mail No# 7011 2970 0002 5610 4636, to Clerk of Nueces County <u>Received the Motion on March 6,2015, the Clerk never sent the</u> <u>petitioner Notice of filing nor did the clerk inform me of the Court's Ruling</u> <u>of the Motion.</u> See: the attached <u>Exhibit's the letter to clerk,which was sent</u> <u>on February 19,2015, and Motion to Supplement and Amend the Original Writ</u> <u>of Habeas Corpus.</u> Then the State file's a Motion to Compel,the Trial Counsel to respond and to set Deadline for receipt of affidavit, it took almost 6 months since counsel promised to deliver the affidavit.

## EVIDENTIARY HEARING IS NEEDED

This case raise the question of the right to appeal, a hearing is need, in addressing his issues if he was or not admonish by the court of his right to appeal, and if counsel gave notice of appeal, why was there no ruling on Motion to Supplement and Amend the Original Application for Writ of Habeas Corpus.

## CONCLUSION

Wherefor Petitioner, summits this Motion to Reconsider the Order Denying him State Habeas Relief for Out-of-Time-Appeal, and Decide to Reconsider in a just and fair manner and Grant the petitioner such relief the Law permits, In the Interest of Justice.

## INMATE'S DECLARATION

I, <u>James Hinojosa, am</u> the petitioner and being presently incarcerated, at the Coffield Unit, 2661 F M 2054, Tennessee Colony, Texas 75884, Declare under penalty of perjury that according to my belief, the fact stated in this Motion to Reconsider, are true and correct to the best of my knowledge.

Signed on ⁴⁄ August,2015

Signature of Petitioner,Pro.Se

## CERTIFICATE OF SERVICE

This is to certify that on __4__ August, 2015, that a true and correct
copy of the Motion to Reconsider. A copy of this Motion has been forwarded by
U.S. Mail to the Court of Criminal Appeals in Austin, Texas, and to the
Clerk of the Nueces Co. Courthouse, P.O.Box 2987, Corpus Christi, Texas 78403,
By U.S. Mail, postage paid.

---

Respectfully Submitted,

Petitioner, Pro. Se.

James Hinojosa
TDCJ-ID# 1807828
Coffield Unit
2661 F M 2054
Tennessee Colony, Texas 75884

Exhibit 1

STATE'S
EXHIBIT
C

RECEIVED

MAY 27 2015

NUECES COUNTY
DISTRICT ATTORNEY'S OFFICE

### AFFIDAVIT OF MARK A. GONZALEZ

**STATE OF TEXAS** §

§

**COUNTY OF NUECES** §

MARK A. GONZALEZ, appeared in person before me today and stated under oath:

"My name is MARK A. GONZALEZ, I am above the age of eighteen years and I am fully competent to make this affidavit.

On *Cause No. 11-CR-1517-G; State of Texas vs. James Hinojosa*; by signature below I MARK A. GONZALEZ state that I consulted and advised Mr. Hinojosa the process of a Request for an out of time appeal and provided information with regards to the potential witness Jerry Winterroth:

- I consulted with Mr. Hinojosa the meaning and effect of the judgment rendered by the court;

- I informed Mr. Hinojosa his right to appeal the judgment;

- I informed Mr. Hinojosa the process in filing an appeal and the importance of filing the notice in a timely manner;

- Mr. Winterroth was available to testify;

- Mr. Winterroth's testimony would not have been beneficial to the defense in this case;

- Mr. Winterroth's testimony would have been detrimental to the defense of this case.

I further state that Jerry Winterroth was a co-defendant and by law I could not call him as a

1

witness to testify because he would have plead his rights to the Fifth (5th) Amendment.

The facts stated in this affidavit are within my personal knowledge and are true and correct.

_____
MARK A. GONZALEZ

SUBSCRIBED AND SWORN TO BEFORE ME by the said MARK A. GONZALEZ, on

this the _22nd_ day of ____May____, 2015, to certify which witness my hand and seal of

office.

**VELMA SANTOS**
My Commission Expires
February 28, 2018

_____
Notary Public, in and for
The State of Texas

2

Exhibit 2

Honorable Thomas Greenwell
Of 319 Th District Court
Re: Cause #11-CR-1517-G
Hinojosa V. State of Texas

Dear honorable Judge Of Said court,

I am the defendant in the above cause #. On August 1 St of 2012, I was found guilty of the offense aggravated kidnapping and punishment was assessed at 15 years confinment in TDCJ-ID, this was a trial by jury, this was not a plea bargain case. Approxeamately 6 months have passed since I was convicted and I have yet been appointed an attorney to represent me on my appeal. At least not that I am aware of. My trial attorney Mark Gonzalez informed me that I would be able to appeal my affirmative finding of a deadly weapon and that the court would automatically appoint me an appeal attorney. I have recently discovered from "jailhouse lawyers" that my appeal process is past filing deadline, However during the past 6 months, due to advice from my trial attorney, i was under the impression that my appeal was in progress. And that it was a matter of right. I never filed or signed anything waiving my appeal rights and I never informed the court that I did not want an appeal. I also read that my trial attorney can not be officially discharge of his duty until he files my notice of appeal which is apparently past due, If he didn't file it. On the same day I was found gulty of the aggravated kidnapping case. I also pled guilty to a drug offense for 10 years to be run concurrent with the aggravated kidnapping. I do vaguely remember giving up my rights to appeal the drug charge, but at no time did I gave up my rights to appeal the aggravated kidnapping conviction. If I did, it was unknowingly and wasn't explained properly to me. I took the aggravated kidnapping to trial. I obiously would want to appeal it, if found guilty.

I respectfully ask the court to inform me of the status of my appeal in the above cause. If any status exists. If not I should be granted opportunity to file an appeal, due to the fact someone made a mistake and did not file it. Nor does a record exists that shows I waived the right.

If a decision has been rendered on my appeal, I know nothing of its existence nor the results of the process.

Please respond
ASAP

Respectfully submitted,

James Hinojosa #1807828
Wayne Scott Unit
6999 Retrive Road
Angleton, Tx. 77515

Fax to Mark Gonzales 4/5/13

Inmate Unsworn Declaration

I James Hinojosa, defendant in the above mentioned cause, hereby declare under penatly of perjury that the above mentioned statements are true and correct according to my belief.

Executed

On this 8 th day of February 2013.

Exhibit 3

11-CR-1517-G

| | | |
|---|---|---|
| EX PARTE | § | IN THE DISTRICT COURT |
| | § | |
| JAMES HINOJOSA | § | 319th JUDICIAL DISTRICT |
| | § | |
| TDCJ ID # 1807828 | § | NUECES COUNTY, TEXAS |

## ORDER DESIGNATING ISSUES

Having examined the present application for writ of habeas corpus and the State's Answer, the Court finds that additional information is needed to rule on the relief sought. The Court determines that there are controverted and previously unresolved facts which are material to the legality of the Applicant's confinement.

The Court designates for resolution in this case the following issue: whether the Applicant has presented a cognizable and meritorious claim of ineffective assistance of counsel. All deadlines are suspended to allow time for submission of additional pertinent information addressing this issue.

The Court directs the Clerk of this Court to file this Order and to immediately transmit to the Texas Court of Criminal Appeals a copy of this Order as well as proof of the date the District Attorney received the habeas application. The Clerk of this Court is further ordered to send a copy of this Order to the Applicant *pro se* and to the respondent Assistant District Attorney.

SIGNED AND ENTERED on this the ___6___ day of _____, 2014.

_____
The Honorable David Stith
PRESIDING JUDGE

## Exhibit 4

To Clerk of The Court of                                      16 January 2015
Criminal Appeals of Texas
P.O.Box 12308, Capitol Station
Austin Texas, 78711


RE: Petitioner. Response to State's Answer to Petitioner's Application for
    Writ of Habeas Corpus, Requesting for Out-of-Time-Appeal.
    Trial No. 11-CR-1517-G, JAMES HINOJOSA Vs. THE STATE OF TEXAS

RECEIVED IN COURT OF CRIMINAL APPEALS
JAN 2015
Abel Acosta, Clerk

Dear Clerk,
    Enclosed, you will find a copy of the above mentioned document, Please
file this and bring it to the attention to court, copies have been forwarded
by U.S. Mail to all parties,  Also, could you please send me notice of filing
with Date-Stamp on this letter and return a file copy to me at my address
below.



        THANK YOU FOR YOUR VERY KIND CONSIDERATION AND EXPEDITIOUS REPLY
CONCERNING THIS MATTER.



                                          Sincerely,


cc/File
jm/JH                                     James Hinojosa
319th Judicial District Court,            TDCJ-ID# 1807828
District Attorney's Office                Coffield Unit
Nueces Co. Courthouse                     2661 F M 2054
                                          Tennessee Colony,Texas 75884

Exhibit 5



SHARON KELLER
PRESIDING JUDGE

LAWRENCE E. MEYERS
CHERYL JOHNSON
MIKE KEASLER
BARBARA P. HERVEY
ELSA ALCALA
BERT RICHARDSON
KEVIN P. YEARY
DAVID NEWELL
JUDGES

# COURT OF CRIMINAL APPEALS
P.O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS 78711

ABEL ACOSTA
CLERK
(512) 463-1551

SIAN SCHILHAB
GENERAL COUNSEL
(512) 463-1597

January 29, 2015

James Hinojosa #1807828
Coffield Unit
2661 FM 2054
Tennessee Colony, TX  75884

RE: Trial Court Case #

Dear Mr. Hinojosa:

After a thorough search of our records, we find that you do not have a Writ of Habeas Corpus filed in the Court of Criminal Appeals at this time.  If you have any further questions or concerns, please direct them to the **District Clerk** in the convicting county where you originally filed the application.

I am herewith returning your documents.

Sincerely,

Abel Acosta, Clerk

AA/vj
Enclosure

Exhibit 6

Anne Lorentzen,                                           19 February, 2015
Nueces County District Clerk,
P.O. Box 2987
Corpus Christi, Texas 78403


RE: Petitioner, Motion to Supplement and Amend The Original Application For
    Writ of Habeas Corpus, Requesting For Out-of-Time-Appeal.
    Trial No. 11-CR-1517-G, James Hinojosa Vs. The State of Texas


Dear Clerk,

     Enclosed, you will find an ORIGINAL of the above mentioned document,
Please file this motion and bring it to the attention of 319th Judicial
District Court, A copy has been forwarded by U.S.Mail to District Attorney's
Office.  Please inform me of the Court's Ruling of this Motion, also could
you please send me notice of filing with Date-Stamp on this letter and return
a file copy to me at my address below.


     Thank you for your very kind consideration and expeditious reply
concerning this matter.


                                              Sincerely,

cc/File                                       James Hinojosa
JH/jm                                         TDCJ-ID# 1807828
District Attorney's Office                    Coffield Unit
Nueces Co. Courthouse                         2661 F M 2054
Certified Mail                                Tennessee Colony,Texas 75884
No.# 7011 2970 0002 5610 4636

Exhibit 7

11-CR-1517-G

| | | |
|---|---|---|
| EX PARTE | § | IN THE DISTRICT COURT |
| JAMES HINOJOSA | § | 319th JUDICIAL DISTRICT |
| | § | NUECES COUNTY,TEXAS |

Petitioner, Motion To Supplement and Amend The Original Application For Writ of Habeas Corpus, Requesting for Out-of-Time-Appeal.

To The Honorable Court of 319th Judicial District.

Now Comes, James Hinojosa, petitioner and submits this motion to supplement and amend the original application for writ of habeas corpus, requesting for Out-of-Time-Appeal.

## I.
## STATEMENT OF THE CASE

The petitioner entered a plea of not Guilty to the Offense of Aggravated Kidnapping, and the Jury found the Defendant Guilty, and Sentenced to Fifteen years Confinement to Texas Department of Criminal Justice Institutional Division.

## SUPPLEMENT AND AMEND GROUND ONE:

Trial Attorney failed to render effective assistance counsel by failure to give notice to Pursue an Appeal.

## FACTS SUPPORTING GROUND ONE:

The petitioner will explained and show why, petitioner, should be allowed for Out-of-Time-Appeal. The petitioner is layman of the Law and can't be held to the same standard's as licensed attorney. Even though a defendant who has pleaded not guilty has an absolute right to appeal under Article 44.02, Texas Code of Criminal Procedure. Counsel, whether retained or appointed he has the responsibility to make sure that the defendant is aware of his appellate rights.

GROUND ONE CONTINUES:

In our adversary system of Justice, the Lawyers and Judges, by the very nature of their duties, find daily partnership in this quest for Justice. It is their joint professional responsibilities to see that an orderly appellate process is achieved. No accused should be denied his right of appeal, Justice requires that the exercise of his right of appeal, must be held within frame work of the Rules of Appellate Procedure. See: Morris Vs. U.S. 503 F.2d. 457, 458, 459 ( 5th. Cir. 1974 ), stating that a direct appeal from a criminal conviction is a matter of right.

The court reporter's records should so reflect, If Trial Attorney gave notice of appeal in open court or not. See: Chapman Vs. U.S. 469 F.2d.634 (5th Cir.1972). The Court Ordered a hearing to see if the attorney had abandoned the defendant's appeal or neglected to inform the defendant that he had a right to appeal.


SUPPLEMENT AND AMEND GROUND TWO:

The Trial Court Failed to protect the defendant right to meaningful and Full Direct Appellate Review which Denied him Access to Courts.


FACTS SUPPORTING GROUND TWO:

A criminal defendant must not be made to forfeit substantial legal rights inregard to an appeal. A thorough examination of the court reporter's records should indicate if the Trial Court Admonish the Defendant of his right to appeal. Failure to advise you of your right to appeal, See: Thomas Vs.Beto, 423 F.2d.642 (5th.Cir.1970); Ex Parte Axel, 757 S.W.2d. 369 (Tex.Crim.App.-1988). If you were indigent and had a court-appointed attorney, the attorney or the Court must advise you of; (1) your right to appeal; (2) the procedure and time limits involved; and (3) your right to appointment of counsel on appeal if you are indigent. If the court reporter's records show, that he was denied, right to appeal, then he is entitled to appropriate relief in this Habeas Corpus Proceeding.

2

## INMATE'S DECLARATION

I, James Hinojosa, am the petitioner and being presently incarcerated, at the Coffield Unit, 2661 FM 2054, Tennessee Colony, Texas 75884, declare under penalty of perjury that according to my belief, the fact stated in this Motion To Supplement and Amend The Original Application For Writ of Habeas Corpus, Requesting for Out-of-Time-Appeal, are true and correct to the best of my knowledge.

Signed on _19_ February, 2015

_____
Signature of Petitioner, Pro.Se


## CERTIFICATE OF SERVICE

This is to certify that on _19_ February, 2015, that a true and correct copy of the Motion To Supplement and Amend The Original Application For Writ of Habeas Corpus, Requesting for Out-of-Time-Appeal, has been mail to the Clerk of the District Court of the 319th Judicial District of Nueces County, P.O. Box 2987, Corpus Christi, Tx 78403. By U.S. Mail postage paid.

Respectfully Submitted

_____
Petitioner, Pro.Se

EVIDENTIARY HEARING IS NEEDED

This case raise the question of the right to appeal, evidentiary hearing is necessary in addressing his issues if he was or not admonish by the court of his right to appeal, and if counsel gave notice of appeal or not.

CONCLUSION

Wherefor Petitioner, summits Motion To Supplement and Amend The Original Application For Writ of Habeas Corpus, Requesting for Out-of-Time-Appeal, and Decide the issue in a just and fair manner and Grant the petitioner such relief the Law permits, In the Interest of Justice.

Respectfully Submitted

Petitioner, Pro.Se
James Hinojosa
TDCJ-ID# 1807828
Coffield Unit
2661 FM 2054
Tennessee Colony, Tx. 75884